UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
STEVEN A. DOYLE,

                                        Plaintiff,


        v.                                                08-CV-641


MICHAEL J. ASTURE,
COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
United States District Judge

## DECISION and ORDER

        This matter brought pursuant to 42 U.S.C. § 405(g) was referred to the Hon.

Victor E. Bianchini, United States Magistrate Judge, for a Report-Recommendation

pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

        The Report-Recommendation, filed on September 30, 2009, recommends

that the Commissioner's decision denying Social Security benefits be affirmed and

finds that: (1) the ALJ's conclusions were supported by substantial evidence; and (2) a

sentence six remand is neither necessary nor appropriate.  Presently before the Court

are Plaintiff's objections to the Report and Recommendation.

I.      **BACKGROUND**

        a.      **Procedural History**

        Neither party had objected to the Procedural Background articulated in the

Report-Recommendation.  Accordingly, the Court adopts the portion of the Report-

Recommendation entitled "Background" in its entirety.  It has been summarized here:

The Social Security Administration first denied Plaintiff's claim on November 30, 2005.  Admin. Transcript [hereinafter Tr.] at 19.  On December 28, 2005, Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ). Tr. at 40.  The hearing occurred using teleconferencing on June 18, 2007 before ALJ J. Michael Brounoff.  Tr. at 19.  ALJ Brounoff rendered a decision on September 28, 2007, concluding that Plaintiff suffers from depressive disorder, generalized anxiety disorder, attention deficit hyperactivity disorder, and learning disabilities.  Tr. at 21.  The ALJ concluded that, although Plaintiff did not have the residual functional capacity to perform any past relevant work, which included jobs as a security guard and as a cook, he did have a residual functional capacity (RFN) to perform work at all exertional levels, and he "maintains the ability (on a sustained) basis to understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and usual work situations; and deal with changes in a routine work setting."  Tr. at 25 and 23.  Plaintiff's time to request review from the Social Security Administration's Appeal Council expired and he requested an extension of time to gather additional documentation.  Tr. at 14.  The Appeals Council granted the request for additional time to present new evidence and allowed Plaintiff until February 2008 to submit the documentation.  Tr at 12.  Plaintiff failed to submit any new evidence.  The Appeals Council denied Plaintiffs's request for review on June 9, 2008.  Plaintiff filed this action seeking review on June 19, 2008. Tr. at 7; Docket No. 1.

b.        ALJ's Analysis

"To be eligible for disability insurance benefits, a claimant must establish an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months.'"  Dixie v. Commissioner of Social Sec., 2008 WL 2433705 at *7 (N.D.N.Y. June 12, 2008) (citing 42 U.S.C. § 423(d)(1(A)).  In his decision, ALJ Brounoff applied the five-step sequential evaluation process for determining whether an individual is disabled.  Tr. at 20.

> In the first step, the ALJ determines whether the claimant has engaged in "substantial gainful activity" since the alleged onset of the disability.  20 C.F.R. § 404.1520(a)(4)(i).  If not, the next inquiry is whether the claimant suffers from a medically determinable "severe" impairment established by medical evidence including signs, symptoms and laboratory findings.  Id. at § 404.1520(a)(4)(ii); § 404.1528.  Symptoms alone, however, are not sufficient.  Id. at § 404.1528.  Severity is defined as significantly limiting an individual's physical or mental ability to do basic work activities.  Id. at § 404.1521(a).  Should the claimant be suffering from a medically determinable severe impairment, the third step is to determine whether the impairment is listed, or is equal to any listing, in Appendix I, which specifies over 100 medical conditions that would prevent an individual from performing "substantial gainful activity."  Id. at § 404.1520(a)(4)(iii); § 404.1525(a).  If so, the individual is considered "disabled" under the Act and the inquiry ends.  Id.  If not, the inquiry continues to the last two steps to determine whether the claimant has the RFC to perform any past relevant work or other jobs that exist in the national economy, considering the claimant's age, education and work experience.  Id . at § 404.1520(a)(4)(iv)-(v); Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).

McConnell v. Astrueu, 2008 WL 833968, at *1 (N.D.N.Y., March 27, 2008).

In this case, ALJ Brounoff determined that Plaintiff had not engaged in substantial gainful activity since May 15, 2004, the alleged onset date of disability.  Tr. at 21.  The ALJ determined that Plaintiff suffered from severe impairments including:

depressive disorder; generalized anxiety disorder, attention deficit hyperactivity disorder, and learning disabilities, but that these impairments did not meet or equal one of the limited impairments in Appendix 1.  Tr. at 21, 23.  Finally the ALJ determined that claimant had the residual functional capacity (RFN) to perform work at all exertional levels, and he "maintains the ability (on a sustained) basis to understand, carry out, and remember simple instructions; respond appropriately to supervision, coworkers, and usual work situations; and deal with changes in a routine work setting." Tr. at 23.  Therefore, the ALJ determined that Plaintiff was not under a disability as defined by the Social Security Act and could perform a significant number of jobs existing in the national economy.  Tr. at 25.


II.        STANDARD OF REVIEW

        "When objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a *'de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" McConnell v. Astrue, 2008 WL 833968,at *2 (N.D.N.Y. March 27,2008); see 28 U.S.C. § 636(b)(1).  "After such a review, the Court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . [t]he judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.'"  Id.  "Failure to object to any portion of a Report and Recommendation operates as a waiver of further judicial review of those matters.  Dixie v. Commissioner of Social Sec., 2008 WL 2433705 at *9 (N.D.N.Y. June 12, 2008) (citing Roldan v.

Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of Health and Human

Serv., 892 F.2d 15, 16 (2d Cir. 1989).

   "Judicial review of the Commissioner's decision is limited to determining

whether the Commissioner applied the correct legal standards and whether his or her

findings were supported by substantial evidence."  McConnell, 2008 WL 833968,at *2

(citing Knapp v. Apfel, 11 F. Supp.2d 235, 237 (N.D.N.Y. 1998) (citing Beauvoir v.

Chater, 104 F.3d 1432, 1433 (2d Cir. 1997); Rutherford v. Schweiker, 685 F.2d 60, 62

(2d Cir. 1982) ("Congress has instructed us that the factual findings of the ALJ, if

supported by substantial evidence, shall be conclusive."); Rivera v. Sullivan, 923 F.2d

964, 967 (2d Cir. 1991) (citing Havas v. Bowen, 804 F.2d 783, 785 (2d Cir. 1986);

Wagner v. Secretary of HHS, 906 F.2d 856, 860 (2d Cir. 1990))).  "Substantial

evidence is defined as 'more than a mere scintilla' and requires 'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'"

McConnell, 2008 WL 833968,at *2 (citing Richardson v. Perales, 402 U.S. 389, 401

(1971) (citing Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938) (internal

citations omitted))).


**III.**   **DISCUSSION**

   In the Report-Recommendation, Magistrate Judge Bianchini found that: (1)

the ALJ's conclusion that Plaintiff's non-exertional limitations had "little or no effect on

the occupational base of unskilled work at all exertional levels" was supported by

substantial evidence from Plaintiff's treating psychiatrist and consultative examiners;

(2) the ALJ's determination that Plaintiff's testimony concerning his mental impairments was "not fully credible" was supported by substantial evidence; and (3) the additional evidence submitted by Plaintiff, which was not a part of the original administrative proceeding, was not material and Plaintiff did not provide good cause for his failure to submit this evidence to the Appeals Council.

Plaintiff objects to the Magistrate Judge's Report and Recommendation arguing that: (1) both the Magistrate Judge and the ALJ erred in failing to find that plaintiff's mental impairments substantially eroded his ability to perform basic work activity, making the Medical-Vocational Guidelines ("Grid" rules) inapplicable; (2) the Judge failed to evaluate Plaintiff's credibility properly, and (3) the Judge erred in rejecting new and material evidence submitted by Plaintiff.

### a.        Application of the Medical-Vocational Rules

Plaintiff objects to the Magistrate Judge's decision to uphold the ALJ's determination that he maintained the residual functional capacity (RFC) to meet the basic mental demands of competitive, remunerative, unskilled work.  "RFC is what an individual can still do despite his or her limitations . . . [his] ability to do work activities in an ordinary work setting on a regular and continuing basis.  Melville v. Apfel, 198 F.3d 45, 52 (2d Cir. 1999).  Although the initial "burden of proving a disability is on the claimant, who must show an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, . . . once [he] has shown that [his] impairment prevents [his] return to [his] prior employment . . . the burden shifts to the [ALJ] to prove that the claimant retains the capacity to perform alternative work."  Weber v. Bowen, 1998 WL 138160 at *1 (S.D.N.Y. December 13,

1988) (citations omitted).  The Second Circuit has held that "in the ordinary case the [ALJ] satisfies his burden by resorting to the applicable medical vocational guidelines." Bapp v. Bowen, 802 F.2d 601, 605 (2d Cir. 1986).  However, [w]hen a claimant's ability to perform a full range of a particular category of work is limited, the ALJ may use the services of a vocational expert" instead of using these guidelines.  Dixie, 2008 WL 2433705 at *9; 20 C.R.F. §§ 404.1566(e), 416.966(e).  The ALJ may also consider physician's observations of limitations, the plaintiff's subjective allegations of pain, physical and mental abilities, as well as the limiting effects of all impairments, even those not deemed severe.  20 C.F.R. § 404.1545(a).

Plaintiff argues that the Magistrate Judge ignored evidence showing that he suffered from "deficiencies in his ability to process, sequence, and immediately recall auditory information; deficiencies with prolonged auditory concentration, selective attention and auditory sequencing; and deficients with recall and sequencing backward" as well as evidence of "poor judgment", "inability to follow directions", "act appropriately and responsibly", and "evidence that [he] was not able to engage in sustained competitive employment."  See Docket No. 25.  Additionally, Plaintiff alleges that the Magistrate Judge "failed to address evidence from Lakeside Alternatives," the psychiatric facility where Plaintiff was admitted following suicide threats.  Id.  Plaintiff raised this argument to the Magistrate Judge and the Magistrate Judge addressed this evidence in the Report and Recommendation.  The Magistrate Judge found that the ALJ's decision that these limitations were mild and moderate and had "little or no effect on the occupations base of unskilled work" was supported by substantial evidence.  See Docket No. 24 at 10; Tr at 26.  Additionally the ALJ found that Plaintiff

- 7 -

maintains the residual functional capacity to meet the basic mental demands of . . . unskilled work."  Id.  "The basic mental demands of cognitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting."  Social Security Ruling (SSR) 85-15.  ALJ Brounoff's decision was based on substantial evidence including evaluations conducted by: (1) Dr. Stang; who concluded that "the claimant can follow and understand simple directions and instructions, but may, at time, become confused by new complex tasks;" (2) Dr. Shapiro; who concluded that the claimant "appears to be capable of understanding and following simple instructions and directions. . . appears to be capable of performing simple and complex tasks with supervision and independently . . . appears to be capable of maintaining attention and concentration for tasks . . . [and] can regularly attend to a routine and maintain a schedule;" and (3) Dr. Mudigonda; who concluded that "claimant had no limitations with regard to understanding, remembering, and carrying out simple instructions."  Tr at 23-24; see Tr at 263 ("He can follow simple directions, as evidenced by his ability to complete the intellectual testing"); Tr at 315 ("vocationally, the claimant appears to be capable of understanding and following simple instructions and directions. . . appears to be capable of performing simple and complex tasks with supervision and independently . . . appears to be capable of maintaining attention and concentration for tasks . . . [and] can regularly attend to a routine and maintain a schedule"); TR at 367-368 (No problems understanding and remembering simple instructions or carrying out simple instructions.).  Given these

evaluations and their consistency with each other and his documented diagnoses, the Court concludes that ALJ Brounoff's finding that Plaintiff maintains the RFC to meet the basic mental demands of competitive, remunerative, unskilled work is supported by substantial evidence and the use of a vocational expert was therefore unnecessary.

  **b.**   **Plaintiff's Credibility**

  Plaintiff argues that the Magistrate Judge's determination that the ALJ properly assessed Plaintiff's credibility was erroneous.  He argues that the ALJ committed error in failing to make any meaningful analysis of the factors set forth in SSR 96-7p for evaluating credibility. See Swiech v. Asture, 2009 WL 890678 (N.D.N.Y. March 30, 2009) (Magistrate Bianchini recommended remand because, *inter alia,* the ALJ did not engage in any meaningful analysis of the factors set forth for determining credibility); Futia v. Astrue, 2009 WL 425657 (N.D.N.Y. February 19, 2009) (record lacks substantial evidence to support RFC assessment where ALJ failed to properly assess credibility).  Additionally, Plaintiff argues that the Magistrate Judge erred in failing to address Plaintiff's contentions regarding credibility, including that: (1) there is no evidence that he was malingering; (2) that his minor brush with the law did not impact his veracity; and (3) that he regularly sought and received mental health treatment. See Docket No. 21**.**

  "It is the function of the [Commissioner], not [reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." Carroll v. Secretary of Health and Human Servs., 705 F.2d 638, 642 (2d Cir. 1983).  In this case, the ALJ considered the factors required when assessing the

credibility of Plaintiff's complaints.  Tr. at 24-25 ("20 CFR 404.1529(c) and 416.929(c)

describe the kinds of evidence, including the factors below, that I must consider in

addition to the objective medical evidence when assessing the credibility of the

claimants statements); see Swiech, 2009 WL 890678; Futia, 2009 WL 425657.

"Factors relevant in assessing the credibility of the claimant's subjective complaints

include: (1) the claimants daily activities; (2) the location, duration, frequency, and

intensity of the claimant's pain and other symptoms; (3) factors that precipitate and

aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any

medication the claimant takes or has taken to alleviate pain or other symptoms; (5)

treatment, other than medication, the claimant receives or has received for relief of

pain or other symptoms; (6) any measures other than treatment the claimant uses or

has used to relieve pain or other symptoms; and (7) Any other factors concerning the

claimant's functional limitations and restrictions due to pain or other symptoms."  Tr. at

24-25, Accordingly, the ALJ looked to medical records, reports by Dr. Mudigonda,

medications taken by Plaintiff, the lack of side effects, and the lack of evidence that

Plaintiff went to get help during certain periods of time.  Tr. at 25  Taken together, the

ALJ made the finding that Plaintiff's subjective complaints were not fully credible. Tr.

at 25.  Because the Commissioner's findings were supported by substantial evidence

this Court adopts the recommendation of the Magistrate.

**c.      New Evidence**

Plaintiff next argues that, contrary to the decision in the Report and

Recommendation, the additional evidence offered to the Court consisting of his school

records and Dr. Johri's reports meet the test of proper submission for such evidence.

The test for proper submission requires: (1) a showing of good cause for failure to

submit the evidence during the original administrative proceedings; (2) a showing that

the additional evidence is non-cumulative; and (3) a showing that the additional

evidence is material.  Lisa v. Secretary of Health and Human Services, 940 F.2d 40,

43 (2d Cir. 1991) (citations omitted).  For evidence to be material the evidence must

be relevant to Plaintiff's condition during the time period for which benefits were

denied and there must be a reasonable possibility that the new evidence would have

influenced the Commissioner to decide the claim differently.  Lisa, 940 F.2d at 43.

Plaintiff argues that he has good cause for failing to submit this evidence earlier

because, as he was previously unrepresented, he was unaware of the importance of

these records.  However, Plaintiff, assisted by the Resource Center for Independent

Living, requested and received additional time to submit additional evidence to the

Appeals Council, and he failed to do so.

Furthermore, Plaintiff fails to show that the additional evidence is material, non-

cumulative, or would have likely changed the outcome of the proceedings before the

Commissioner.  Plaintiff claims that the school records are material because they

corroborate recent test results showing memory processing deficits and contradict the

ALJ's findings that Plaintiff's actual educational abilities are at the high school level.

Additionally, Plaintiff argues the records should be admitted because they impact

credibility as they provide "objective, organic bases for deficiencies in work performance, social awkwardness, and legal difficulties."  These arguments, addressed by the Magistrate Judge, found that Plaintiff's difficulties with "reading and spelling were adequately documented in the record . . . and there is little likelihood that the decision would have been affected by archival records from Plaintiff's early life." Because Plaintiff fails to show that the school records would likely change the outcome of the proceeding, this Court adopts the Magistrate Judge's finding that the school records evidence does not meet the test.

Plaintiff argues that the purpose of admitting Dr. Johri's reports are to corroborate Mr. Doyle's diagnosis of bipolar disorder; not to interject a diagnosis of diabetes.  Although, this report does provide a diagnosis of bipolar disorder, Dr. Johri's reports are largely consistent with the medical reports submitted to the ALJ and indicate a GAF score showing that Plaintiff has only moderate difficulty in social, occupational, or school functioning.  This is the same GAF score provided by reports which are already in evidence.  Therefore, this evidence does not rise to the level of new and material evidence to require a sentence six remand.  In addition, there is little likelihood that a diagnosis of diabetes taken together with Plaintiff's other diagnosis would have impacted the ALJ's decision.

**IV.    CONCLUSION**

Accordingly, this Court adopts the Report-Recommendation for the reasons stated therein and DISMISSES the petition.

IT IS SO ORDERED.

Dated:December 15, 2009

Thomas J. McAvoy
Senior, U.S. District Judge